Dear Mr. Dionisi:
You have requested an opinion from the Attorney General regarding the Louisiana Deferred Compensation Plan (Plan). You note that the Plan was established in accordance with R.S. 42:1301-1308 and IRC Section 457 for the purpose of providing supplemental retirement income to employees and independent contractors of a Louisiana public employer, by offering such individuals the opportunity to defer a portion of their compensation into the Plan. The Plan has grown to over 27,000 participants, deferring monies from over 100 payroll centers.
Currently, participants and employers are utilizing the Plan under the following scenarios:
 1. As a voluntary plan, with employee only deferrals, separate from and in addition to a primary retirement plan or Social Security Coverage.
 2. As a mandatory plan, with employee only deferrals, in lieu of Social Security coverage (as per IRC Section 3121).
 3. As a mandatory plan, with employee and employer contributions, in lieu of Social Security coverage (as per IRC Section 3121).
 4. As a voluntary plan, with employee contributions and employer match, as a supplemental retirement benefit, separate from and in addition to a primary retirement plan or Social Security coverage.
You state that you have been contacted by the District Attorney for the 35th Judicial District regarding the district attorney's participation in a deferred compensation plan. You specifically ask whether an employer (i.e., district attorney) may elect to make matching contributions on behalf of an employee (whether classified or unclassified), and/or on behalf of an elected or appointed official. The district attorney would establish a plan described in No. 4 above for employees currently employed under the State's Defined Benefit Pension Plan.
In answer to your question, we have reviewed the laws and constitutional provisions relevant to this issue, and can find no prohibition against the implementation of a voluntary supplemental retirement plan with employee contributions and employer match, which will be separate from, and in addition to, a primary retirement plan. We specifically find that, if the plan constitutes an authorized pension program, voluntary and/or involuntary contributions made by an employer would not be prohibited under the Constitution and laws of this state. Article VII, Section 14(B)(2). In accord are Attorney General Opinion Nos. 99-236, 98-490, 96-162 and 95-473.
Further, we see no prohibition for such a plan to involve matching contributions by the employer on behalf of an employee and/or an elected or appointed official, with one exception. It is axiomatic that, if the maximum salary and/or per diem of a public official or employee is fixed by statute, that salary and/or per diem constitutes the maximum that can be received by the official or employee, in the absence of legislation providing otherwise. See, for example, R.S. 47:1907(A)(3) relating to assessors.
We have been advised by representatives of the Louisiana District Attorneys' Association that Louisiana law does not establish maximum salaries for district attorneys, assistant district attorneys and/or their staffs. Under these circumstances, the employer match can be implemented without concern for salaries surpassing that allowed by State law.
Extreme care should be taken in the implementation of the plan so that the total amount of employee contributions eligible for shelter does not exceed that allowable under Federal Law. Any questions relating to Federal laws on this subject matter should be directed to the Employees' Benefits Exempt Organizations Division of the Internal Revenue Service at (202) 622-6030.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEUYOUB Attorney General
 By: _______________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj
cc: Mr. Pete Adams